UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-13(2) (NEB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S POSITION** |
| v. | ) | **REGARDING SENTENCING** |
| | ) | |
| NAJMO M. AHMEND, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Matthew C. Murphy and Rebecca E. Kline, Assistant United States Attorneys, submits the following sentencing memorandum and respectfully requests that the Court impose a sentence of 27 months in prison, the low-end of the guidelines range.

Najmo Ahmed's husband, Said Ereg, owned and operated Evergreen Grocery and Deli, a small, storefront grocery store located on Nicolette Avenue in Minneapolis, Minnesota. Beginning in April 2020, Ereg enrolled Evergreen as a distribution site in the Federal Child Nutrition Program under the sponsorship of Feeding Our Future. In addition to serving meals, Ereg claimed that Evergreen provided children "homework help" and "mentoring."

Immediately upon enrolling in the Federal Child Nutrition Program, Ereg began submitting fraudulent meal reimbursement claims to Feeding Our Future, claiming to be serving thousands of meals to children, twice a day, seven days a week. In reality, Evergreen served just a small fraction of those meals. Ahmed signed some

of the meal reimbursement claims that were submitted to Feeding Our Future, including a meal count dated December 31, 2020, claiming Evergreen served 3,250 children, twice a day, during the week of January 24, 2021.

Between April 2020 and April 2021, Evergreen claimed to have served over 1.4 million meals to children, for which it received more than $4.2 million in Federal Child Nutrition Program funds. Ereg transferred nearly of this money into personal bank accounts he co-owned with Ahmed, including accounts Ahmed personally opened. Ahmed knew the money deposited into those accounts where the proceeds of fraud.

Ahmed used the funds deposited into her and Ereg's personal accounts to fund a lavish lifestyle she otherwise could not afford, including purchasing designer clothing and accessories. She also transferred over $1,147,438 to bank accounts abroad. In total, Ahmed laundered at least $1,381,048 in Federal Child Nutrition Program funds.

Ahmed was indicted with her husband on January 24, 2024. She was charged with conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering, and money launder, in violation of 18 U.S.C. § § 371, 1343, and 1957. Ahmed was living overseas at the time of her indictment, but she voluntarily returned to the United States and self-surrendered. She plead guilty to one count of money laundering on February 24, 2025.

2

## SENTENCING RECOMMENDATION

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology. 552 U.S. 38, 49–50 (2007). The district court should first calculate the advisory Sentencing Guidelines range. *Id.* at 49. After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence. *Id.* at 49–50; *see also United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").

### A.    Sentencing Guidelines Range

The government concurs with the Sentencing Guidelines calculations contained on the PSR. The total adjusted offense level is 18, and the defendant falls into Criminal History category I, making the recommended guideline sentence 27 to 33 months. The recommended fine range is $10,000 to $100,000.

### B.    Section 3553(a) Sentencing Factors

Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the

need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

Ahmed participated in one of the largest fraud schemes in the history of the District of Minnesota, and the single largest Covid-19 fraud scheme in the country. She and her husband enrolled their grocery store in the Federal Child Nutrition Program under the sponsorship of Feeding Our Future and immediately began submitting fraudulent meal reimbursement claims. Although Ahmed claims she did not knowingly submit fraudulent meal reimbursement claims, she signed several of them and knew her husband was paying kickbacks to Abdikerm Eidleh to continue their participation in the fraud scheme. Her husband transferred over a million dollars into Ahmed's bank accounts, most of which she transferred to accounts overseas. Ahmed voluntarily returned to the United States after her indictment to give birth to a child and to resolve her criminal case.

### 2. History and Characteristics of the Defendant

Ahmed was born in Somalia in 1991. Her father was killed in the Somali civil war that same year, and Ahmed's mother moved to Saudi Arabia, leaving Ahmed and her eleven siblings with Ahmed's aunt. When she was four, Ahmed and her family fled Somalia to Kenya, where they initially lived in a refugee camp. Ahmed immigrated to the United States when she was 13. She graduated from high school in Nebraska and then moved to Minnesota and married Ereg when she was 20.

Ahmed and Ereg have eight children. She and Ereg moved to Kenya in January 2023, prior to their indictment.

**3.      Deterrence, Respect for the Law, Just Punishment, and Protecting the Public**

The Court must also consider the need for the sentence to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Ahmed's crime must be viewed in context of the rampant fraud that has plagued Minnesota in recent years. Unprecedented levels of fraud perpetrated on public benefits programs in Minnesota have eroded trust in the government and raised questions about the sustainability of those programs. It has undermined and endangered important government programs as well as legitimate nonprofit organizations that rely on donations to carry out actual charitable work. The Court can help stamp-out such fraud by sending the message that those who bilk taxpayers for their own benefit will receive serious punishment.

Ahmed has no prior criminal history and is a mother of 8 children. She voluntarily returned to the United States—even though she was under indictment and had access to the millions of dollars of fraud proceeds that she and her husband secreted away overseas. Upon returning to the United States, she accepted responsibility for her role in the fraud scheme and has abided by the conditions of pretrial supervision.

**4.      The Need to Avoid Unwanted Disparities**

Finally, the Court must consider the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). A Guidelines sentence of 27 months is not unwarranted. Ms. Ahmed was complicit in her husband's scheme to steal over $4 million from taxpayers. Although she claims she did not know all the details of her husband's schemes, she admittedly signed blank meal count forms knowing they would be grossly inflated, knew that her husband was paying Feeding Our Future representative Abdikerm Eidleh tens of thousands of dollars each pay period in kickbacks, knowingly opened bank accounts in order to receive and ultimately transfer millions of fraud proceeds into bank accounts overseas. She also used program funds to purchase designer clothing and accessories, as well as a home in New Hope, Minnesota. She is significantly more culpable—in her knowledge, participation, and personal profit—than Yusuf Ali, who the Court recently sentenced to 18 months' imprisonment. A 27-month sentence is therefore warranted and consistent with other sentences handed down by the Court in related cases.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court impose a sentence of 27 months in prison.

Respectfully Submitted,

Dated: June 1, 2026,                    DANIEL N. ROSEN
                                         United States Attorney

                                          /s/ *Matthew C. Murphy*
                                  BY:    MATTHEW C. MURPHY
                                         REBECCA E. KLINE
                                         Assistant U.S. Attorneys